UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MONTGOMERY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>U.S. BANK, N.A., et al.,<br><br>        Defendants. | Case No. 24-cv-00557-RFL<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 18 |

      Plaintiffs, who are proceeding pro se, filed their Complaint against Defendants (Dkt. No. 1), as well as a motion for a temporary restraining order (Dkt. No. 2), on January 30, 2024. On February 6, 2024, the Court denied Plaintiffs' motion for a temporary restraining order. (Dkt. No. 15.) Subsequently, on February 29, 2024, Defendants filed a motion to dismiss Plaintiffs' Complaint. (Dkt. No. 16.) Plaintiffs' opposition to Defendants' motion to dismiss was due on March 14, 2024. Plaintiffs did not file any opposition to the motion to dismiss. Nor did Plaintiffs request an extension of time to respond. Accordingly, on March 21, 2024, the Court issued an order to show cause. (Dkt. No. 18.) Plaintiffs were ordered to show cause why this case should not be dismissed for failure to prosecute. (*Id.* at 1.) Plaintiffs were further ordered to file a response to the motion to dismiss if they wished to pursue their claims against Defendants. (*Id.*) The Court cautioned Plaintiffs that failure to timely comply with the order to show cause by April 11, 2024 would result in dismissal of their action for failure to prosecute. (*Id.*) To date, Plaintiffs have not responded to the Court's order to show cause, and the deadline to respond has passed. For the reasons set forth below, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

      Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Pres.*

*Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, four of the five factors weigh in favor of dismissal. The first two factors support dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiffs' failure to respond to Defendants' motion to dismiss and the Court's order to show cause, despite being given ample time to do so, has prevented the Court from expeditiously moving this case toward disposition. These failures have not only brought this action to an indefinite halt, *see Yourish*, 191 F.3d at 990, but also "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket," *Pagtalunan*, 291 F.3d at 642. Consequently, Plaintiffs have interfered with the Court's ability "to manage its docket without being subject to routine noncompliance of litigants." *Id.*

The third factor also weighs in favor of dismissal. Plaintiffs wholly fail to rebut the presumption of prejudice to Defendants from their unreasonable delay in prosecuting this action. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). While a plaintiff may rebut this presumption "with an excuse for his delay that is anything but frivolous," here, Plaintiffs have not come forward with any excuse for their failure to respond to Defendants' motion to dismiss or to comply with the Court's order to show cause. *Id.* at 1453 (citation omitted).

The fourth factor likewise favors dismissal, as the Court has attempted less drastic sanctions to no avail. Although the Court issued an order to show cause, affording Plaintiffs an opportunity to explain their failure to prosecute and file an opposition to Defendants' motion to dismiss, Plaintiffs did not respond. The order to show cause also expressly warned Plaintiffs that their case would be dismissed for failure to prosecute absent timely compliance with the order.

*See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987))).  In addition, the Court imposes a less drastic sanction by dismissing this action without prejudice, rather than with prejudice.  *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 754 (9th Cir. 2002); *see also McDermott v. Palo Verde Unified Sch. Dist.*, 638 F. App'x 636, 638 (9th Cir. 2016) ("[A] dismissal without prejudice is one of the lightest sanctions available.").

Lastly, "[p]ublic policy favors disposition of cases on the merits," so the fifth factor cuts against dismissal.  *Pagtalunan*, 291 F.3d at 643.

In sum, because four of the five factors weigh in favor of dismissal, the Court concludes that dismissal of this action for failure to prosecute is warranted.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal" (quoting *Ferdik*, 963 F.2d at 1263)).

\* \* \*

For the foregoing reasons, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Defendants' motion to dismiss Plaintiffs' Complaint (Dkt. No. 16) is **DENIED** as moot.  The Clerk shall enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: May 3, 2024

_____
RITA F. LIN
United States District Judge